IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02879-BNB

TRAVIS HODSON,

    Applicant,

v.

WELD COUNTY SHERIFFS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE
SECOND AND FINAL AMENDED APPLICATION

    Applicant, Travis Hodson, is a prisoner confined at the Colorado Mental Health Institute at Pueblo (CMHIP). He submitted *pro se* on October 22, 2014, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). He has paid the $5.00 filing fee.

    On October 24, 2014, the Court entered an order directing Mr. Hodson to file an amended habeas corpus application that sued the proper Respondent and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules). On November 12, 2014, Mr. Hodson filed an amended application (ECF No. 7).

    The Court must construe the amended application liberally because Mr. Hodson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Hodson will be ordered to file a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The amended application Mr. Hodson submitted to the Court on November 12, 2014, is deficient because it fails to comply with Fed. R. Civ. P. 8 and Rule 2 of the Section 2254 Rules.  The two asserted claims lack supporting factual allegations.  In claim one, Mr. Hodson briefly describes a claim he asserted in state court but fails to clarify the claim he is asserting here; uses the acronym ISP that he fails to explain; and generally makes vague assertions that his rights were violated without supporting those allegations with facts.  The only factual allegation is that the nature of the claim asserted in the Colo. R. Crim. P. 35(c) motion was "no aggravating circumstances on the mitimus [sic]." ECF No. 7 at 5.  In claim two he references a case, No. 13CR1106, that is not Weld County District Court Case No. 10CR771, the case he is challenging in this action, and although he contends his second claim asserts a due process claim, in the body of the claim he claims ineffective assistance of counsel.  Both claims one and two purportedly assert a Seventh Amendment due process violation, but the Fourteenth Amendment, not the Seventh, concerns due process.

As Mr. Hodson was informed in the October 24 order for an amended application, the Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Section 2254 Rules, Mr. Hodson must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the second and final amended application Mr. Hodson will be directed to file must allege in a clear and concise manner both the § 2254 claims he seeks to raise and the specific facts to support each asserted claim.

In addition, the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). It is unclear to the Court the reason he has named the "Weld County Sheriffs," ECF No. 7 at 1, as his custodian when he currently is confined at CMHIP.

Finally, Plaintiff's handwriting is difficult to read because it is so small. Pursuant to Rule 10.1 of the Local Rules of Practice for this Court, Plaintiff is required to file legible documents, utilizing upper- and lower-case lettering. *See* D.C.COLO.LCivR

10.1(g).  The second and final amended application must comply with the legibility requirements of Local Rule 10.1.

Accordingly, it is

ORDERED that Applicant, Travis Hodson, file a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this order **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of that form in filing the second and final amended application.  It is

FURTHER ORDERED that, if Applicant fails to file a second and final amended application that complies with this order **within thirty (30) days from the date of this order**, the amended application will be denied and the action dismissed without further notice.  The dismissal shall be without prejudice.

DATED November 17, 2014, at Denver, Colorado.

> BY THE COURT:
>
>  s/ Boyd N. Boland
> United States Magistrate Judge