IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02879-GPG

TRAVIS HODSON,

    Applicant,

v.

COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant Travis Hodson currently is housed at the Colorado Mental Health Institute at Pueblo, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Applicant was directed to amend the Application on two occasions because he failed to assert claims in a clear and concise manner and state the claims he seeks to raise and the specific facts to support each claim. Finally, on December 10, 2014, Applicant filed a Second Amended Application that sufficiently stated his claims. Magistrate Judge Gordon P. Gallagher then directed Respondents to file a Pre-Answer Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on December 23, 2014. Applicant did not reply within the time allowed.

In the Second Amend Application, Applicant challenges the validity of a Colorado state-court conviction in Case No. 10CR771.[1]  Applicant asserts that he was convicted in April 2011, in the Weld County District Court, for possession of a controlled substance, and he was sentenced to three years in prison.  Applicant seeks a new trial and a new public defender.

The Court must construe the Application liberally because Applicant is representing himself.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as a pro se litigant's advocate.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application and dismiss the action.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  Hensley v. Municipal Court, 411 U.S. 345, 351 (1973).  Furthermore, the custody requirement is jurisdictional.  See McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009).  A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed.  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Finally, it is Applicant's burden to establish that the custody requirement is satisfied.  See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant

---

[1] Respondents inadvertently refer to Applicant's state criminal case as Case No. 10CR2771, ECF No. 15 at 1, but the docket report attached to the Pre-Answer Response indicates the correct case number is 10CR771, ECF No. 15-1 at 2.

filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

Respondents assert, and Applicant does not disagree, that he pled guilty in Case No. 10CR771, on April 27, 2010, to one count of possession of a schedule II drug in exchange for dismissal of one count and for probation in this case and in other prior cases. Pre-Answer Resp., ECF No. 15, at 2. Respondents also assert that Applicant was sentenced on June 1, 2011, to probation, and he did not appeal. *Id.* Then Applicant's probation was revoked on July 11, 2011, and he was sentenced to prison; but again he did not appeal. *Id.* Over a year later Applicant filed a motion to correct an illegal sentence under Colo. R. Crim. P. 35(a), which was denied. *Id.* Applicant filed an appeal of the denial, but the appeal was dismissed because Applicant failed to file an opening brief. *Id.* Applicant was released on parole while his postconviction was pending, committed a new offense, which subjected Applicant to parole revocation and a new charge. *Id.* Subsequently, the revocation complaint in Case No. 10CR771 was dismissed because Applicant's sentence was discharged on October 17, 2013. *Id.* at 3; ECF No. 15-2 at 2.

In the Second Amended Application, on Page 8, Applicant states that he is subject to a future criminal case, Case No. 13CR1106. Applicant could satisfy the in-custody requirement if the Application is construed as challenging the validity of his current conviction as it can or has been used to enhance a future conviction or sentence. *See Lackawanna*, 532 U.S. at 401-02. Nonetheless, Applicant does not state in either the original Application or the two Amended Applications that he is challenging the validity of a conviction in Case No. 13CR1106 based on the

enhancement of a prior invalid conviction. In fact, no conviction or sentence has been entered in Case No. 13CR1106, because as Applicant states, he has been found incompetent to proceed in Case No. 13CR1106 and currently is housed at the Colorado Mental Health Institute. ECF No. 10 at 8.

Applicant has failed to satisfy his burden of demonstrating that he is in custody pursuant to Case No. 10CR771. The Court, therefore, lacks jurisdiction to review the merits of Applicant's claims regarding Case No. 10CR771. Because the action will be dismissed for lack of jurisdiction, the Court will refrain from addressing Respondents' affirmative defense arguments.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  6th  day of    February    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court